UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMY GAIL PIAZZA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY DONALD PIAZZA,<br>JOSEPHINE KINERSON,<br>THREASA ANN DAVIS, and<br>LAURA KELLY,<br><br>　　　　　　Defendants. | NO. 2:23-CV-0205-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) are **DISMISSED** without prejudice to filing in state court.

## BACKGROUND

Plaintiff Tammy Gail Piazza, proceeding *pro se* and *in forma pauperis*, filed this suit on July 19, 2023.  ECF No. 1.  Plaintiff complains that Jeffrey Piazza

ORDER DISMISSING COMPLAINT ~ 1

physically injured her, spent all of their money, put her in the hospital, and has hurt her on more than one occasion. *Id*. Plaintiff seeks $40,000 in damages. *Id*.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and

ORDER DISMISSING COMPLAINT ~ 2

construes them in the light most favorable to the plaintiff." *Id.* Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Plaintiff has failed to state any facts that would support this Court's exercise of jurisdiction over the subject matter or the parties. This Court does not have diversity jurisdiction nor jurisdiction based on any federal law. Plaintiff's complaint appears to arise out of state tort law and state family law.

**OPPORTUNITY TO AMEND**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

ORDER DISMISSING COMPLAINT ~ 3

2012).  The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint.  Therefore, the Court dismisses Plaintiff's Complaint in federal court.

Plaintiff is free to file her case in the state court.

**REVOCATION OF IN FORMA PAUPERIS STATUS**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous."  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice to filing in state court.

2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

ORDER DISMISSING COMPLAINT ~ 4

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

DATED July 20, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5